MANN, Chief Judge.
The threshold question is whether we have jurisdiction. This is an interlocutory appeal from an order denying summary judgment in an action brought in a Florida court to enforce an Illinois judgment entered on a cognovit note in an action in which appellants now claim the Illinois court lacked jurisdiction. The Florida court’s jurisdiction is conceded. Rule 4.-2(a), F.A.R., 32 F.S.A., grants a‘right to interlocutory appeal as to “interlocutory orders relating to venue or jurisdiction over the person.” Appellant states that there is no case holding that this necessarily refers to the jurisdiction of the Florida court. There is now. We think the clear meaning of the rule, read as a whole, compels the inference that it is the Florida court from which the appeal is taken whose jurisdiction is referred to. We need not now determine whether the Illinois court had jurisdiction or otherwise erred in some way affording appellants a valid defense.
Treating the appeal papers as a petition for certiorari, certiorari is denied. The order denying summary judgment is not clearly erroneous, and no reason appears for our consideration of the merits. See D. H. Overmyer Co. v. Frick Co., 1972, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124.
Appeal dismissed.
HOBSON and GRIMES, JJ., concur.